# Weil, Gotshal & Manges LLP

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

Stacy Nettleton
+1 (212) 310-8442
stacy.nettleton@weil.com

February 13, 2014

**ECF**

The Honorable Debra Freeman
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Courtroom 17A
New York, NY 10007-1312

Re: *Kuwait Investment Authority v. AIG, Inc., et al.*, No. 11-CV-8403 (LTS)(DCF);
*Oppenheimer Equity Funds, Inc. et al. v. AIG, Inc., et al.*, No. 1:12-CV-523 (LTS)(DCF);
*British Coal Staff Superannuation Scheme, et al. v. AIG, Inc., et al.*, No. 12-CV-4555 (LTS)(DCF);
*Pacific Life Funds, et al. v. AIG, Inc., et al.*, No. 12-CV-6071 (LTS)(DCF);
*Teachers Retirement System of the State of Illinois v. AIG Inc., et al.*, No. 13-CV-3377 (LTS)(DCF);
*Stichting Pensioenfonds Metalektro, et. al. v. AIG, Inc.*, 13-CV-6502 (LTS)(DCF);
*GIC Private Limited v. AIG, Inc.*, 13-CV-6565 (LTS)(DCF)

Dear Judge Freeman:

We represent Defendant American International Group, Inc. ("AIG") in the above-captioned actions (the "Individual Actions") and the related class action captioned *In re American International Group, Inc. 2008 Securities Litigation*, No. 08 CV 4772 (LTS) (DCF) ("Securities Class Action"). We write to inform Your Honor that the parties have reached an impasse regarding the schedule going forward in these actions which are currently subject to a temporary stay due to expire on February 27, 2014.[1] We believe everyone agrees that the cases should be coordinated to alleviate the burden on the Court and we respectfully request a conference to discuss how best to proceed.

By way of background, pursuant to Your Honor's December 16, 2013 order, the parties were supposed to submit today a new proposed Case Management Order No. 2 that would coordinate the schedule in all seven Individual Actions. However, plaintiffs would like to continue the stay in all seven cases until a decision by the United States Supreme Court in *Halliburton Co. v. Erica P. John Fund, Inc.*, No. 13-317

---

[1] In addition to the seven Individual Actions, the parties in two additional cases pending in district courts in California and Illinois asserting substantially similar allegations as in the Individual Actions will be stipulating to transfer those cases to this Court: *The Regents of the University of California v. AIG, Inc. et al*, 13-CV-3653 (N.D. Cal.) (JSW) and *Dow 30<sup>SM</sup> Enhanced Premium & Income Fund, et al. v. AIG, Inc., et al.*, 13-CV-5612 (N.D. Ill.) (JBZ).

Hon. Debra Freeman  **Weil, Gotshal & Manges LLP**
February 13, 2014
Page 2

(U.S. Sept. 9, 2013) ("*Halliburton II*"), concerning the "fraud-on-the-market" presumption of reliance. Defendants proposed to plaintiffs a schedule that would provide for limited motion practice and document discovery that is <u>not</u> impacted by *Halliburton II* to commence at the expiration of the stay on February 27th. A draft of defendants' proposed CMO No. 2 is attached. For the following reasons, we believe our proposed order is the most efficient way to move these cases forward.[2]

First, as set forth in Section II.A of our draft order, we propose that defendants file motions to dismiss within thirty days after the stay expires based on narrowly tailored grounds that were not previously explicitly raised and rejected by the Court in the related Securities Class Action and that are completely unrelated to the issues being addressed by the Supreme Court in *Halliburton II*. Primarily, defendants intend to argue that certain of plaintiffs' claims are untimely either in whole or in part under the Second Circuit's decision in *Police & Fire Ret. Sys. of City of Detroit v. IndyMac MBS, Inc.*, 721 F.3d 95 (2d Cir. Jun. 27, 2013), and its progeny. Additionally, the defendants may move to dismiss claims asserted under the Securities Act of 1933 under *Fait v. Regions Fin. Corp.*, 655 F.3d 105 (2d Cir. 2011) and its progeny, and to dismiss unique claims not previously asserted in the Securities Class Action. Certain individual defendants may also raise arguments unique to them. None of the proposed limited motions would be impacted by *Halliburton II*. As set forth in the proposed draft order, defendants agree to work together to consolidate briefing among the parties and the seven cases on common issues where possible to promote efficiency. Permitting limited motions to dismiss before a decision in *Halliburton II* would not lead to duplicative briefing because the proposed motions are independent of *Halliburton II*.

Second, we also propose moving forward with limited document discovery from plaintiffs in the Individual Actions, and agree to work in good faith to negotiate the scope of the documents provided. While AIG has produced to plaintiffs in the Individual Actions millions of pages of discovery from the Securities Class Action, defendants have received mostly incomplete productions of documents from plaintiffs in only four of the seven actions and no discovery in the remaining three. All that our proposal provides is that defendants be permitted to pursue limited document discovery after expiration of the stay (depositions and other discovery would come later). Further, defendants would like to pursue document discovery from third parties that served as investment advisors and managers to plaintiffs. Given the large number of investment advisors already identified, and that we expect many more to be identified, obtaining discovery from these third parties will be time-consuming and should begin promptly. In this respect, at the very least, plaintiffs should be required to provide defendants with complete lists of their investment advisors so third party discovery can commence.

Finally, while Judge Swain ordered a stay of proceedings in the related Securities Class Action pending a decision in *Halliburton II*,[3] the Individual Actions are not similarly situated. Fact discovery in the

---

[2] While plaintiffs' counsel communicated to us that they would be amenable to something more limited than what was proposed in our draft, they never provided us with any mark-up or alternatives.

[3] Securities Class Action (Docket No. 440).

Hon. Debra Freeman  **Weil, Gotshal & Manges LLP**
February 13, 2014
Page 3

Securities Class Action is complete and the next stage of that case is class certification—primarily dependent on the fraud-on-the-market presumption of reliance at issue in *Halliburton II*. Here, fact discovery has been minimal and largely one-sided by AIG. There have been no motions filed ever in any of these cases which have been pending since as far back as November 18, 2011. Moreover, at least two of the Individual Actions have attempted to plead direct reliance (in addition to the fraud-on-the-market presumption) and two only rely on the fraud-of-the-market presumption "in part" – making *Halliburton II* arguably of little relevance to them. While a decision in *Halliburton II* could result in additional motion practice, it would not be duplicative of what is provided for in our proposed CMO No. 2 which would potentially narrow or eliminate some of the cases.

We are available to discuss our proposed CMO No. 2 at the Court's convenience.

Respectfully submitted,

Stacy Nettleton

cc: Hon. Laura T. Swain (by hand)
   All counsel (by email)

Enclosure

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KUWAIT INVESTMENT AUTHORITY,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN INTERNATIONAL GROUP, INC., MARTIN J. SULLIVAN, STEVEN J. BENSINGER, JOSEPH CASSANO, ANDREW FORSTER, ALAN FROST, DAVID HERZOG, and ROBERT LEWIS,<br><br>Defendants. | No. 11-CV-8403 (LTS) (DCF) |
| OPPENHEIMER EQUITY FUND, INC.; OPPENHEIMER VARIABLE ACCOUNT FUNDS; PANORAMA SERIES FUNDS, INC.; OPPENHEIMER MAIN STREET FUND, INC.; OPPENHEIMER MAIN STREET SELECT FUND f/k/a Oppenheimer Main Street Opportunity Fund; OPPENHEIMER RISING DIVIDENDS FUND f/k/a Oppenheimer Quest Value Fund, Inc.; OPPENHEIMER GLOBAL ALLOCATION FUND f/k/a Oppenheimer Quest Balanced Fund; OPPENHEIMER CAPITAL APPRECIATION FUND; OPPENHEIMER GLOBAL FUND; OPPENHEIMER GLOBAL VALUE FUND; OPPENHEIMER EQUITY INCOME FUND, INC. f/k/a Oppenheimer Quest Capital Value Fund, Inc.; and OFITC GLOBAL FUND,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN INTERNATIONAL GROUP, INC., MARTIN J. SULLIVAN, STEVEN J. BENSINGER, JOSEPH CASSANO, ANDREW FORSTER, ALAN FROST, DAVID L. HERZOG, ROBERT LEWIS STEPHEN F. BOLLENBACH, MARSHALL A. | No. 12-CV-523 (LTS) (DCF) |

| | |
|---|---|
| COHEN, MARTIN S. FELDSTEIN, ELLEN V. FUTTER, STEPHEN L. HAMMERMAN, RICHARD C. HOLBROOKE, FRED H. LANGHAMMER, GEORGE L. MILES, JR., MORRIS W. OFFIT, JAMES F. ORR III, VIRGINIA M. ROMETTY, MICHAEL H. SUTTON, EDMUND S.W. TSE, ROBERT B. WILLUMSTAD, and FRANK G. ZARB, <br><br>                          Defendants. | |
| BRITISH COAL STAFF SUPERANNUATION SCHEME; MINEWORKERS' PENSION SCHEME; FÖRSTA AP-FONDEN; TAYSIDE SUPERANNUATION FUNDS; INTERNATIONAL FUND MANAGEMENT S.A.; DEKA INTERNATIONAL S.A. LUXEMBURG; DEKA INVESTMENT GmbH; and ETFLAB INVESTMENT GmbH, <br>                          Plaintiffs, <br>v. <br><br>AMERICAN INTERNATIONAL GROUP, INC.; MARTIN J. SULLIVAN; STEVEN J. BENSINGER; JOSEPH CASSANO; ANDREW FORSTER; ALAN FROST; DAVID HERZOG; ROBERT LEWIS; MARSHALL A. COHEN; MARTIN S. FELDSTEIN; ELLEN V. FUTTER; STEPHEN L. HAMMERMAN; GEORGE L. MILES, JR.; MORRIS W. OFFIT; JAMES F. ORR III; VIRGINIA ROMETTY; MICHAEL H. SUTTON; EDMUND S.W. TSE; FRANK G. ZARB; PRICEWATERHOUSECOOPERS LLC; CITIGROUP GLOBAL MARKETS INC.; CREDIT SUISSE SECURITIES (USA) LLC; DEUTSCHE BANK SECURITIES INC.; DOWLING & PARTNERS SECURITIES, LLC; FOX-PITT·KELTON COCHRAN CARONIA WALLER (USA) LLC; JP MORGAN SECURITIES INC.; KEEFE, BRUYETTE & WOODS, INC.; MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED; and WACHOVIA CAPITAL MARKETS LLC, <br><br>                          Defendants. | No. 12-CV-4555 (LTS) (DCF) |

2

| | |
|---|---|
| PACIFIC LIFE FUNDS and PACIFIC SELECT FUND,<br><br>                    Plaintiffs,<br><br>v.<br><br>AMERICAN INTERNATIONAL GROUP, INC., MARTIN J. SULLIVAN, STEVEN J. BENSINGER, JOSEPH CASSANO, ANDREW FORSTER, ALAN FROST, DAVID L. HERZOG, ROBERT LEWIS, THOMAS ATHAN, STEPHEN F. BOLLENBACH, MARSHALL A. COHEN, MARTIN S. FELDSTEIN, ELLEN V. FUTTER, STEPHEN L. HAMMERMAN, RICHARD C. HOLBROOKE, FRED H. LANGHAMMER, GEORGE L. MILES, JR., MORRIS W. OFFIT, JAMES F. ORR III, VIRGINIA M. ROMETTY, MICHAEL H. SUTTON, EDMUND S.W. TSE, ROBERT B. WILLUMSTAD, and FRANK G. ZARB,<br><br>                    Defendants. | No. 12-CV-6071 (LTS) (DCF) |
| TEACHERS RETIREMENT SYSTEM OF THE STATE OF ILLINOIS,<br><br>                    Plaintiff,<br><br>v.<br><br>AMERICAN INTERNATIONAL GROUP, INC., MARTIN J. SULLIVAN, STEVEN J. BENSINGER, ROBERT E. LEWIS, JOSEPH J. CASSANO, ANDREW FORSTER, ALAN FROST and DAVID L. HERZOG,<br><br>                    Defendants. | No. 13-CV-3377 (LTS) (DCF) |

3

| | |
|---|---|
| GIC PRIVATE LIMITED,<br><br>                Plaintiff,<br>v.<br><br>AMERICAN INTERNATIONAL GROUP, INC.,<br><br>                Defendant. | No. 13-CV-6565 (LTS) (DCF) |
| STICHTING PENSIOENFONDS METALEKTRO; PENSIOENFONDS METAAL EN TECHNIEK; STICHTING PHILIPS PENSIOENFONDS; ING FUND MANAGEMENT B.V. AND ING BEWAAR MAATSCHAPPIJ I B.V., FOR AND ON BEHALF OF ING NOORD-AMERIKA BASIS FONDS, ING NORTH AMERICA EQUITY BASIS FONDS, ING DUURZAAM RENDEMENT BASIS FONDS, ING GLOBAL EQUITY BASIS FONDS, ING GLOBAL OPPORTUNITIES BASIS FONDS, AND ING FINANCIALS BASIS FONDS; ING (L) SICAV, FOR AND ON BEHALF OF ING (L) INVEST WORLD, ING (L) INVEST SUSTAINABLE GROWTH, ING (L) INVEST BANKING & INSURANCE, ING (L) INVEST GLOBAL OPPORTUNITIES, ING (L) INVEST US ENHANCED CORE CON CENTRA TED, AND ING (L) INVEST US OPPORTUNISTIC EQUITY; and ING INVESTMENT MANAGEMENT BELGIUM NV/SA, FOR AND ON BEHALF OF STAR FUND AND RECORD TOP PENSION FUND,<br><br>                Plaintiffs,<br>v.<br><br>AMERICAN INTERNATIONAL GROUP, INC., MARTIN J. SULLIVAN, STEVEN J. BENSINGER, ROBERT E. LEWIS, JOSEPH J. CASSANO, ANDREW FORSTER, ALAN FROST, DAVID L. HERZOG,<br><br>                Defendants. | No. 13-CV-6502 (LTS) (DCF) |

4

# [PROPOSED] OMNIBUS CASE MANAGEMENT ORDER NO. 2

DEBRA FREEMAN, UNITED STATES MAGISTRATE JUDGE:

WHEREAS, the above-captioned actions (collectively, the "*Individual Actions*") are related to *In re American International Group Inc., 2008 Sec. Litig.*, No. 08-CV-4772 (LTS) (DCF) (the "*Securities Class Action*");

WHEREAS, *Kuwait Investment Authority v. AIG, Inc. et al.*, No. 11-CV-8403 (LTS) (DCF); *Oppenheimer Equity Funds, Inc., et al. v. AIG, Inc., et al.*, No. 12-CV-523 (LTS) (DCF); *British Coal Staff Superannuation Scheme, et al. v. AIG, Inc., et al.*, No. 12-CV-4555 (LTS) (DCF) (the "*British Coal Action*"); *Pacific Life Funds, et al. v. AIG, Inc., et al.*, No. 12-CV-6071 (LTS) (DCF); and *Teachers Retirement System of the State of Illinois v. AIG, et al.*, No. 13-CV-3377 (LTS) (DCF) are subject to this Court's Case Management Order No. 1, dated January 30, 2013, as amended by the memo-endorsed letter of Robert F. Carangelo, dated May 30, 2013, ("CMO No. 1") and *GIC Private Ltd. v. AIG, Inc.*, No. 13-CV-6565 (LTS) (DCF) and *Stichting Pensioenfonds Metalektro et al. v. AIG, Inc. et al.*, No. 13-CV-6502 (LTS) (DCF) are subject to two separate case management orders of this Court, both dated November 25, 2013 (respectively, the "GIC CMO" and the "Stichting CMO," and collectively with CMO No. 1, the "Individual Actions' CMOs");

WHEREAS, pursuant to this Court's Order Extending Temporary Stay, dated December 16, 2013 (the "Stay Order"), the temporary stay of all discovery and proceedings contained in Paragraph I.A(iii) of the Individual Actions' CMOs (the "Temporary Stay") was extended from December 27, 2013 until February 27, 2014;

WHEREAS, pursuant to the Stay Order, this Court ordered: "Fourteen (14) days before February 27, 2014, the Parties shall submit to the Court a proposed omnibus Case Management Order No. 2 ("CMO No. 2") to further modify the Individual Actions' CMOs or,

5

absent agreement, a letter regarding status and apprising the Court of areas of disagreement with respect to the proposed CMO No. 2";

WHEREAS, on January 30, 2014, Judge Swain ordered a stay of proceedings in the *Securities Class Action* pending the decision of the United States Supreme Court in *Halliburton Co. v. Erica P. John Fund, Inc.*, No. 13-317, 2013 WL 4858670 (U.S. Nov. 15, 2013) ("*Halliburton II*");

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

## I. TEMPORARY STAY EXTENDED EXCEPT FOR LIMITED PURPOSES

A. The Temporary Stay shall be extended until thirty (30) days after the decision by the United States Supreme Court in *Halliburton II* (the "Termination Date"). However, the Temporary Stay shall terminate on February 27, 2014 ("Limited Termination Date") for the limited purposes of:

  i. Motion practice pursuant to Paragraph II herein; and

  ii. Fact discovery pursuant to Paragraph III herein;

## II. TIME TO ANSWER OR MOVE AGAINST THE COMPLAINTS

A. Defendants shall move against the complaints in the *Individual Actions* within thirty (30) days of the Limited Termination Date. Defendants shall not move to dismiss any claims in the *Individual Actions* pursuant to Federal Rule of Civil Procedure 12(b)(2)-(7) on grounds previously asserted by Defendants in the motions to dismiss in the *Securities Class Action* and explicitly addressed and rejected by the Court. Specifically, Defendants shall remain free to move to dismiss claims asserted in the current complaints and any amendments thereto as follows: (1) Defendants may move to dismiss claims in the *Individual Actions* under the Securities Act of 1933 (the "Securities Act") on grounds not previously asserted and explicitly

6

rejected by the Court including based on (a) *Police & Fire Ret. Sys. of City of Detroit v. IndyMac MBS, Inc.*, 721 F.3d 95 (2d Cir. Jun. 27, 2013) ("*IndyMac*") and (b) *Fait v. Regions Fin. Corp.*, 655 F.3d 105 (2d Cir. 2011)/*City of Omaha, Neb. Civilian Emps.' Ret. Sys. v. CBS Corp.*, 679 F.3d 64 (2d Cir. 2012) ("*Fait/CBS*"); (2) Defendants may move to dismiss claims asserted under the Exchange Act of 1934 (the "Exchange Act") based on *IndyMac*; (3) Certain individual defendants may move to dismiss claims asserted under the Exchange Act and the Securities Act based on *Janus Capital Grp., Inc. v. First Derivative Traders*, 131 S.Ct. 2296 (2011); and (4) Defendants shall also be permitted to move to dismiss any claims asserted in the current complaints and any amendments thereto in the *Individual Actions* that were not previously asserted in the *Securities Class Action* on any grounds whatsoever.  Defendants shall try to consolidate briefing on common issues amongst the parties and the *Individual Actions* where possible.

    B. To the extent that Plaintiffs assert additional claims not asserted as of the date this order is submitted to the Court, Defendants reserve all rights to move to dismiss these claims on any ground specified in Federal Rule of Civil Procedure 12(b)(2)-(7).

    C. Plaintiffs shall have sixty (60) days after any motion to dismiss is filed to submit opposition briefs and Defendants shall then have thirty (30) days to reply to any opposition brief filed.

    D. Defendants shall answer the complaint within sixty (60) days of the entry of the Court's decision on any motion to dismiss in that *Individual Action*.

## III. FACT DISCOVERY

After the Limited Termination Date, limited fact discovery will proceed as follows:

      A.    Except as set forth in Paragraph III.E, to the extent they have not already done so, Defendants will serve document requests on Plaintiffs and Plaintiffs will begin producing responsive documents immediately following the Limited Termination Date.

      B.    Plaintiffs will provide Defendants with lists identifying their investment advisors with knowledge about Plaintiffs' investments in AIG securities within seven (7) days of the Limited Termination Date. The Defendants shall be permitted to seek discovery from any entity Plaintiffs have identified as their investment advisors with knowledge about Plaintiffs' investments in AIG securities.

      C.    The Parties shall negotiate in good faith the scope of the document production in response to Defendants' document requests.

      D.    Plaintiffs' document productions as agreed upon shall be substantially completed by the Termination Date (the "Completion Of Document Discovery").

      E.    Defendant PricewaterhouseCoopers LLP and the underwriter defendants in the *British Coal Action* (*i.e.*, Citigroup Global Markets Inc.; Credit Suisse Securities (USA) LLC; Deutsche Bank Securities Inc.; Dowling & Partners Securities, LLC; Fox-Pitt Kelton Cochran Caronia Waller (USA) LLC; JP Morgan Securities Inc.; Keefe, Bruyette & Woods, Inc.; Merrill Lynch, Pierce, Fenner & Smith Incorporated; and Wachovia Capital Markets LLC) shall not be required to engage in any discovery, including but not limited to document production, written discovery and depositions, pending the adjudication of any motion(s) to dismiss they may file as set forth in Paragraphs II.A. and II.B.

## IV.    SUPERSEDES INDIVIDUAL ACTIONS' CMOs

      A.    The preceding provisions modify and supersede the Individual Actions' CMOs except for the provisions in Paragraphs IV.G-H, K-P and S of CMO No. 1, Paragraphs

IV.D-E, H-M and P of the Stichting CMO, and Paragraphs IV.E-F, I-N and Q of the GIC CMO, which are expressly incorporated by reference herein and remain in force.

### V.     ADDITIONAL SCHEDULING

A.     The Parties will submit to the Court a proposed Case Management Order No. 3 ("CMO No. 3") thirty (30) days following the Termination Date.

Dated:  New York, New York
_____, 2014

_____
DEBRA FREEMAN
United States Magistrate Judge