# SUSMAN GODFREY L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP

SUITE 5100

901 MAIN STREET

DALLAS, TEXAS 75202-3775

(214) 754-1900

FAX (214) 754-1933

WWW.SUSMANGODFREY.COM

---

| Suite 5100 | Suite 950 | Suite 3800 | 15th Floor |
|---|---|---|---|
| 1000 Louisiana Street | 1901 Avenue of the Stars | 1201 Third Avenue | 560 Lexington Avenue |
| Houston, Texas 77002-5096 | Los Angeles, California 90067-6029 | Seattle, Washington 98101-3000 | New York, New York 10022-6828 |
| (713) 651-9366 | (310) 789-3100 | (206) 516-3880 | (212) 336-8330 |

David D. Shank
Direct Dial (214) 754-1935

E-Mail DSHANK@susmangodfrey.com

July 14, 2014

VIA ECF & E-MAIL

The Honorable Debra Freeman
United States Magistrate Judge
Southern District of New York
500 Pearl Street, Courtroom 174
New York, NY 10007-1312

Re:   *Oppenheimer Equity Funds, Inc. et al. v. AIG, Inc. et al.*, No. 12-cv-00523 (LTS) (DCF); *Pacific Life Funds et al. v. AIG, Inc. et al.*, No. 12-cv-6071 (LTS) (DCF); and related cases *British Coal Staff Superannuation Scheme et al. v. AIG, Inc. et al.*, No. 12-cv-4555 (LTS) (DCF); *Kuwait Investment Authority v. AIG, Inc.*, No. 11-cv-8403 (LTS) (DCF); *Teachers Retirement System of Ill. v. AIG, Inc.*, No. 13-cv-3377 (LTS) (DCF); *The Regents of the Univ. of Cal. v. AIG, Inc. et al.*, No. 14-cv-1270 (LTS) (DCF); *Dow 30$^{SM}$ Enhanced Premium & Income Fund, et al. v. AIG, Inc., et al.*, No. 14-CV-1652 (LTS) (DCF)

Dear Magistrate Judge Freeman:

We represent the plaintiffs in *Oppenheimer Equity Funds Inc., et al. v. AIG, Inc, et al.*, Case No. 12-cv-523 (LTS)(DCF) (the "*Oppenheimer* Action") and *Pacific Life Funds et al. v. AIG, Inc., et al.*, Case No. 12-cv-6071 (LTS)(DCF) (the "*Pacific Life* Action"). Pursuant to the Court's Order Temporarily Staying Proceedings (ECF No. 35),[1] we submit this letter on behalf of the plaintiffs in all of the above captioned matters (the "Individual Actions") to request a status conference regarding the areas of disagreement with regard to the entry of CMO No. 2 in the above captioned matters.

---

[1] All references to orders and other docket entries are to the docket in *Oppenheimer Equity Funds*, No. 12-cv-00523-LTS-DCF.

3243061v1/012915

July 14, 2014
Page 2

By way of background, after a long period of negotiation, the parties[2] agreed to the terms of a case management order in January of 2013, resulting in Case Management Order No. 1 (ECF No. 16). CMO No. 1 provided for a temporary stay of discovery that would end upon the earlier of (i) a decision on class certification in the related class action; (ii) the preliminary approval of any settlement in the class action; or (iii) June 28, 2013.

CMO No. 1 also provides that, upon the termination of the temporary stay, Defendants would have 60 days to answer or move to dismiss the complaints. Importantly, however, the CMO expressly limits Defendants' right to move to dismiss. For claims brought under the Securities Act of 1933 (the "Securities Act"), the CMO permits Defendants to move to dismiss only on grounds not previously asserted by Defendants in the class action and rejected by the Court. (CMO No. 1, at ¶ II.A.) As for Plaintiffs' claims brought under the Securities Exchange Act of 1934 (the "Exchange Act"), CMO No. 1 prohibits Defendants from moving to dismiss those claims "on any grounds whatsoever." (*Id.*)[3]

Since CMO No. 1 was entered, the Court twice extended the stay, ultimately extending the stay until February 2014. (*See* Order Extending Temporary Stay 6, Dec. 16, 2013, ECF No. 30.) Then, in March of this year, the parties agreed to again extend the stay of this case pending the Supreme Court's decision in *Halliburton Co. v. Erica P. John Fund, Inc.*, 134 S. Ct. 636 (Nov. 15, 2013), twenty-one days after which the parties were to submit either an agreed proposed case management order to govern further proceedings or, absent agreement, letters explaining the areas of disagreement. (Order Temporarily Staying Proceedings, Mar. 20, 2014, ECF No. 35.) The Supreme Court decided *Halliburton* on June 23, 2014—twenty-one days ago.

Counsel for the parties have conferred over the last few days and have agreed on several significant aspects of a second case management order. For instance, the parties agree that a stay of full discovery should continue, with only document discovery from Plaintiffs and their advisors being permitted until the class case is

---

[2] The *Regents of Calif.* and *Dow 30* actions were not transferred to this Court until after CMO No. 1 was entered, so they are not currently parties to CMO No. 1.

[3] Plaintiffs likewise agreed to certain limitations in CMO No. 1. In addition to agreeing to the temporary stay, Plaintiffs agreed that once the stay was lifted they would not to take discovery duplicative of that taken in the class action. (CMO No. 1, at ¶ IV.H.) As to depositions in particular, Plaintiffs agreed not to re-depose any witness who had been deposed in the class action unless the information sought is not duplicative of testimony elicited in the class action and cannot be reasonable obtained through any other discovery procedure. (CMO No. 1, at ¶ IV.K.)

3243061v1/012915

July 14, 2014
Page 3

resole.[4] The parties also agree the restrictions on Plaintiffs' ability to conduct discovery against Defendants, set forth in CMO No. 1, should remain in place.

Where the parties disagree, however, is on the scope of any motions to dismiss filed by Defendants. As noted above, Defendants agreed in CMO No. 1 not to move to dismiss Plaintiffs' Exchange Act claims "on any ground whatsoever," and to limit any other motions to dismiss to grounds not already raised in the class action and rejected by the Court. The agreement was important to Plaintiffs' decision to stay the case and agree to other provisions in the CMO. But Defendants now seek to undo that agreement, proposing that they be permitted to move to dismiss *any claims* on grounds not previously rejected by the Court in the class action. At the same time, Defendants seek to maintain the concessions that Plaintiffs made regarding the scope of additional discovery. Defendants' attempt to renege on their agreement regarding motions to dismiss should be rejected.

Defendants' desire to bring such motions to dismiss now is even more confusing when one considers that two of the principal grounds on which Defendants intend to base such motions are currently before the Supreme Court. Specifically, the question of whether the pendency of a putative class action tolls the Securities Act's statute of repose will be resolved in *Police & Fire Ret. Sys. of City of Detroit v. IndyMac MBS, Inc.*, 134 S. Ct. 1515 (Mar. 10, 2014) ("*IndyMac*"), and the issue of whether plaintiffs must allege and show subjective falsity under the Securities Act, as discussed in *Fait v. Regions Fin. Corp.*, 655 F.3d 105 (2d Cir. 2011)/*City of Omaha, Neb. Civilian Emps.' Ret. Sys. v. CBS Corp.*, 679 F.3d 64 (2d Cir. 2012) ("*Fait/CBS*"), will be decided in *Omnicare v. Laborers Dist. Council Constr. Indus. Pension Fund*, 134 S. Ct. 1490 (Mar. 3, 2014) ("*Omnicare*"). Neither *IndyMac* nor *Omnicare* is likely to be decided by the Supreme Court until next year.

In order to reduce expense and burden on the court, Plaintiffs suggested a CMO under which Defendants would finally answer the complaints now, and then raise these issues in motions for judgment on the pleadings after *Omnicare* and *IndyMac* are decided. But Defendants refused. That being the case, Plaintiffs' proposed CMO No. 2 mirrors the motion-to-dismiss provisions in CMO No. 1. Yet, if Defendants choose to now file motions to dismiss under *IndyMac* or *Fait*/*CBS*, Plaintiffs intend to ask the Court to carry those motions until the Supreme Court decides those issues.

Plaintiffs' proposed CMO No. 2 is enclosed with this letter, along with a redlined version showing the areas of disagreement between the parties.

---

[4] The parties also agree that the limited stay should be lifted no later than January 2015, even if the class case is not resolved on that date.

3243061v1/012915

July 14, 2014
Page 4


Sincerely,

/s/

David D. Shank

Enclosures:   Proposed CMO No. 2
              Redline reflecting disagreements re Proposed CMO No. 2

cc:   Counsel for Defendants via ECF
      Counsel for Individual Plaintiffs via e-mail

3243061v1/012915